1  Constantin V. Roboostoff (SBN 69328)
   **ROBOOSTOFF & KALKIN**
2  369 Pine Street, Suite 610
   San Francisco, CA 94104
3  Telephone (415) 732-0282
   Facsimile (415) 732-0287
4  e-mail address: cvr1@earthlink.net

5  Attorneys for plaintiff Christine Ondersma

6

7

8                    UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  CHRISTINE ONDERSMA,                    )    Case No. 06 0258
                                           )
12                    Plaintiff,           )    **COMPLAINT**
                                           )
13         v.                              )
                                           )
14  METROPOLITAN LIFE INSURANCE            )
    COMPANY, WELLS FARGO &                 )
15  COMPANY SHORT TERM DISABILITY          )
    PLAN, WELLS FARGO & COMPANY            )
16  LONG TERM DISABILITY PLAN              )
                                           )
17                    Defendants.          )

18                          **JURISDICTION**

19         1.     This action for declaratory, injunctive, and monetary relief is brought

20  pursuant to § 502 of ERISA, 29 U.S.C. § 1132, and the Declaratory Judgement Act, 28

21  U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims

22  pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United

23  States.

24  //

25  //

26

27  _____
    COMPLAINT
28                                        1

1

## VENUE

2

    2.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §

3

1391 (b) because one of the defendants does business in this district.

4

## PARTIES

5

    3.    At all relevant times, plaintiff CHRISTINE ONDERSMA ("plaintiff") was a

6

participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002 (7), in defendants WELLS

7

FARGO & COMPANY SHORT TERM DISABILITY PLAN and WELLS FARGO &

8

COMPANY LONG TERM DISABILITY PLAN (collectively the "plans").  Plaintiff resides

9

in Clayton, California.

10

    4.    At all relevant times, the plans were employee welfare benefit plans within

11

the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).  At all relevant times, the plans

12

offered short-term and long-term disability benefits to the employees of Wells Fargo,

13

including plaintiff, through an insurance policy issued by defendant METROPOLITAN

14

LIFE INSURANCE COMPANY ("MetLife") or its predecessors.  The plans are named

15

herein as necessary parties for the relief requested.

16

    5.    At all relevant times, MetLife was a fiduciary of the plans within the

17

meaning of ERISA § 3(21) , 29 U.S.C. § 1002(21).  At all relevant times, MetLife acted

18

as the claims fiduciary for the plans, and exercised authority and control over the

19

payment of short-term and long-term disability benefits that are plan assets.

20

## FACTS

21

    6.    Prior to her disability, plaintiff worked as Project Manager for Wells Fargo.

22

    7.    Plaintiff suffers from severe and disabling fibromyalgia.

23

    8.    At all relevant times, plaintiff has been unable to work in any occupation

24

because of her disability.

25

26

27

COMPLAINT

28

2

1      9.     In August 2001, plaintiff submitted a claim for short-term disability benefits

2 to MetLife.  MetLife approved plaintiff's claim and she began receiving short-term

3 disability benefits in August 2001.

4      10.    MetLife required plaintiff to submit attending physician reports.  Plaintiff's

5 attending physicians and MetLife deemed her to be disabled based upon the condition

6 described in paragraph 7 of this Complaint.

7      11.    In November 2001, MetLife informed plaintiff that based on a lack of

8 medical information to support continuous disability, it was terminating her short-term

9 disability benefits.

10     12.    Plaintiff appealed the termination of her short-term disability benefits by

11 submitting written requests for review.

12     13.    MetLife did not review plaintiff's requests as required by Department of

13 Labor regulations.  Instead, on December 11, 2002, MetLife wrote to plaintiff reiterating

14 its denial of short-term disability benefits.

15     14.    In March 2003, plaintiff requested MetLife to reconsider its decision to

16 terminate short-term disability benefits.

17     15.    In August 2003, MetLife responded to plaintiff's request and refused to

18 reconsider its decision to terminate plaintiff's short-term disability benefits.

19     16.    In July 2004, plaintiff once again requested MetLife to reconsider its

20 decision to terminate short-term disability benefits.

21     17.    In September 2004, MetLife once again refused to reconsider its decision

22 to terminate plaintiff's short-term disability benefits.

23     18.    In October 2004, plaintiff submitted a claim for long-term disability benefits

24 to MetLife.

25

26

27

COMPLAINT

28

1    19.    In March 2005, MetLife denied plaintiff's request for long-term disability

2  benefits.

3    20.    In April 2005, plaintiff appealed MetLife's decision to deny long-term

4  disability benefits.

5    21.    On September 15, 2005, MetLife denied plaintiff's appeal.

6    22.    On September 27, 2005, plaintiff requested MetLife to reconsider its

7  denial of long-term disability benefits.

8    23.    In November 2005, MetLife refused to reconsider its decision denying

9  plaintiff's request for long-term disability benefits.

10    24.    Plaintiff has exhausted her administrative remedies.

11    25.    Under the long-term disability plan, plaintiff is required to apply for Social

12  Security disability benefits if she becomes disabled as defined by the plan.

13    26.    Plaintiff applied for Social Security disability benefits.

14    27.    On June 28, 2003, the Social Security Administration granted plaintiff

15  benefits finding that her period of disability began on October 1, 2001.

16    28.    Plaintiff remains disabled and is entitled to benefits under the terms of the

17  plans.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502 (a) (1) (B)**
**against Defendants]**

20    29.    Plaintiff incorporates Paragraphs 1-28 as though fully set forth herein.

21    30.    ERISA § 502 (a) (1) (B), 29 U.S.C. § 1132 (a) (1) (B), permits a participant

22  of a plan to bring a civil action to recover benefits due to her under the terms of the

23  plans, to enforce her rights under the terms of the plans, and /or to clarify her rights to

24  future benefits under the terms of the plans.

COMPLAINT

4

1   31.   By failing to pay plaintiff's short-term and long-term disability benefit

2   payments and by refusing to restore said benefit payments, defendants have violated,

3   and continue to violate, the terms of the plans and plaintiff's rights thereunder.

4                          **SECOND CLAIM FOR RELIEF**
    **[Declaratory Relief Pursuant to 28 U.S.C. § 2201 and ERISA**
5                   **§ 502 (a) (3) against Defendants]**

6   32.   Plaintiff incorporates Paragraphs 1-28 by reference as though fully set

7   forth herein.

8   33.   An actual controversy exists between the parties, as follows: Plaintiff

9   contends that she is entitled to short-term and long-term disability benefits as a result of

10  being totally disabled.  Plaintiff is informed and believes, and based thereon alleges,

11  that defendants contend plaintiff is not totally disabled and on that basis have denied

12  her short-term and long-term disability benefits under the plans.

13                          **PRAYER FOR RELIEF**

14  **WHEREFORE,** Plaintiff prays the court to enter judgment against the defendants

15  as follows:

16  **As to the First Claim for Relief:**

17  A.   Declare that defendants, and each of them, violated the terms of the plans

18  and plaintiff's rights thereunder by failing to grant plaintiff's request for a full and fair

19  review and pay plaintiff's short-term and long-term disability benefits;

20  B.   Order defendants, and each of them, to pay plaintiff's disability benefits

21  pursuant to the terms of the plans from November 2001, through the date judgment is

22  entered herein, together with prejudgment interest on each and every such monthly

23  payment through the date judgment is entered herein;

24  C.   Award plaintiff prejudgment interest on all damages requested herein;

25  //

26

27  _____

COMPLAINT

28                                          5

1    D.    Award plaintiff reasonable attorney's fees and costs of suit incurred herein

2  pursuant to ERISA § 502 (g), 29 U.S.C. § 1132 (g); and

3    E.    Provide such other relief as the Court deems equitable and just.

4    **As to Second Claim for Relief:**

5    A.    Declare plaintiff's rights regarding the plans as follows:

6        1.    Declare that plaintiff is entitled to a full and fair review of her claims

7  for short-term and long-term disability benefits;

8        2.    Declare plaintiff's right to receive short-term and long-term disability

9  benefits payments under the terms of the plans from November 2001, through date of

10 judgment;

11        3.    Declare plaintiff's right to receive future long-term disability benefit

12 payments under the terms of the plan.

13    B.    Award plaintiff reasonable attorney's fees and costs of suit incurred herein

14 pursuant to ERISA § 502 (g), 29 U.S.C. § 1132 (g); and

15    C.    Provide such other relief as the Court deems equitable and just.

16

17 Dated: January 9, 2006                    **ROBOOSTOFF & KALKIN**

18

19                                    By: _____
                                        Constantin V. Roboostoff
20                                      Attorneys for plaintiff

21

22

23

24

25

26

27 _____
   COMPLAINT
28                                    6