IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE ONDERSMA,<br><br>    Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants<br>_____/ | No. C-06-0258 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DETERMINE THAT ABUSE OF DISCRETION STANDARD OF REVIEW APPLIES; VACATING HEARING** |

    Before the Court is the Motion To Determine That Abuse of Discretion Standard of Review Applies, filed October 13, 2006 by defendants Metropolitan Life Insurance Company ("MetLife") and Wells Fargo & Company Long Term Disability Plan ("LTD Plan"). Plaintiff Christine Ondersma has filed opposition, to which defendants have replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for November 17, 2006, and rules as follows.

    "Depending upon the language of an ERISA plan, a district court reviews a plan administrator's decision to deny benefits either de novo or for abuse of discretion." Ingram v. Martin Marietta Long Term Disability Income Plan, 244 F. 3d 1109, 1112 (9th Cir. 2001). "The de novo standard is appropriate unless the benefit plan gives the administrator or

fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. (internal quotation and citation omitted). Such grant of discretionary authority must be "unambiguous." See Abatie v. Alta Health & Life Ins. Co., 458 F. 3d 955, 963 (9th Cir. 2006). The administrator bears the burden of showing the plan gives it discretionary authority. See Ingram, 244 F. 3d at 1112.

Here, the LTD Plan includes specific language granting discretionary authority, and providing for the delegation of such discretionary authority:

> The Plan Administrator has full discretionary authority to administer and interpret the Plan. The Plan Administrator for the Plans described in this Benefits Book (except the HMOs) is Wells Fargo & Company, which may delegate its duties and discretionary authority to accomplish those duties to certain designated personnel of Wells Fargo & Company, including but not limited to the Director of Human Resources and the Director of Compensation and Benefits. Each HMO is the Plan Administrator for that HMO and has the discretionary authority to administer and interpret benefits under that HMO.

(See Westheimer Ex. A at 2-5.)[1]

Defendants argue, and plaintiff does not disagree, that the above-quoted language gives the Plan Administrator discretionary authority. Defendants do not argue, however, that MetLife, which made the decision to deny benefits, is the Plan Administrator. Further, defendants do not assert MetLife constitutes "designated personnel" of Wells Fargo & Company, the only entity to whom, under the above provision, the LTD Plan provides the Plan Administrator may delegate its discretionary authority. Consequently, in the absence of another provision, by which the LTD Plan expressly provides MetLife with discretionary authority, de novo review is applicable herein. See Nelson v. EG & G Energy Measurements Group, Inc., 37 F. 3d 1384, 1388-89 (9th Cir. 1994) (holding where plan provided "Administrative Committee" with discretionary authority, and where claim denied

---

[1] Defendants have not offered the LTD Plan; instead, defendants offer excerpts from a document titled "2000 Benefits Book," which the parties agree is a "Summary Plan Description" ("SPD") of several ERISA plans, including the LTD Plan. (See Westheimer Ex. A at 2-5.) The SPD states the SPD "cannot replace or change any provision of the actual Plan documents," and that "[i]f there are any differences between the [SPD] and the Plan documents, the Plan documents govern [a claimant's] rights to benefits in all cases." (See id.) Because plaintiff has not argued, at least for purposes of the instant motion, that any portion of the SPD conflicts with the provisions of the LTD Plan, the Court assumes the SPD accurately summarizes the provisions of the LTD Plan.

1  by "Pension Administrator," an entity "involved in the administration of the [p]lan" but not
2  identified therein as one to which Administrative Committee could delegate its discretionary
3  authority, denial of benefits was subject to de novo review); cf. Madden v. ITT Long Term
4  Disability Plan, 914 F. 2d 1279, 1283-84 (9th Cir. 1990) (holding where plan expressly
5  gives named fiduciary discretionary authority and named fiduciary, acting pursuant to plan
6  provision allowing for delegation of duties, delegates its discretionary authority to another
7  fiduciary who denies claim, denial is reviewed for abuse of discretion).

8      In support of their motion, defendants rely on several additional provisions of the
9  LTD Plan.  The LTD Plan identifies MetLife as the "service provider" of the Plan, (see id.
10  Ex. A at 2-10), and states that the LTD Plan is "insured and administered by [MetLife],"
11  (see id. Ex. A at 14-2).  The LTD Plan also refers to MetLife as the "claims administrator,"
12  (see id. Ex. A at 14-3), which the LTD Plan defines as "[a]n organization designated by the
13  plan administrator to receive, process and administer claims according to plan provisions,
14  and disburse claim payments and information," (see id. Ex. A at G-1).  Defendants' reliance
15  on these provisions is unavailing, because such provisions are indistinguishable, in any
16  material respect, from claim language the Ninth Circuit has found does not unambiguously
17  provide for discretionary authority.  See Ingram, 244 F. 3d at 1112-13 (holding where plan
18  stated MetLife "will make all decisions on claims" and that "the management and control of
19  the operation and administration of claim procedures under the [p]lan, including the review
20  and payment or denial of claims and the provision of full and fair review of claim denial . . .
21  shall be vested in [MetLife]," such language did not suffice to unambiguously grant MetLife
22  "discretionary authority in making those decisions").

23      Finally, defendants rely on a provision contained in a subsection titled "The Basics,"
24  which provision states, "Many of the terms used in this chapter have been specifically
25  defined for the LTD Plan by MetLife."  (See Westheimer Decl. Ex. A at 14-2.)[2]  In citing this
26  provision, defendants appear to argue that, by such language, the Plan Administrator

---

28  [2]The reference to "terms used in this chapter" is a reference to Chapter 14 of the SPD, which chapter is titled "Long Term Disability Plan."

delegated to MetLife the authority to interpret some of the terms in the LTD Plan. Defendant's argument is not persuasive.  At the outset, the Court notes that the SPD does not identify which "terms" were defined by MetLife.  More importantly, if the above-quoted provision were interpreted to constitute a delegation of discretionary authority by the Plan Administrator to MetLife, such delegation would conflict with the one LTD Plan provision that expressly addresses the matter of to whom the Plan Administrator may delegate its discretionary authority, and that provision, as noted, identifies "certain designated personnel of Wells Fargo & Company," and no others.  (See id. Ex. A at 2-5.)  Finally, the provision is, at best, ambiguous with respect to any delegation of discretionary authority to MetLife, and, to be effective, such delegation must be unambiguous.  See Abatie, 458 F. 3d at 963.

In sum, the Court finds defendants have failed to show MetLife has discretionary authority to interpret the applicable plan.

**CONCLUSION**

For the reasons stated, defendants' motion is hereby DENIED, and the denial will be reviewed de novo.

**IT IS SO ORDERED.**

Dated: November 16, 2006

MAXINE M. CHESNEY
United States District Judge