IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE ONDERSMA, | No. C-06-0258 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST; VACATING HEARING** |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., | |
| Defendants | |

Before the Court is plaintiff's Motion for Attorney's Fees, Costs and Prejudgment Interest, filed February 14, 2008. Defendants have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision on the papers, VACATES the March 28, 2008 hearing, and rules as follows:

1. For the reasons stated by plaintiff, and contrary to defendants' argument, the Court finds plaintiff is entitled to an award of attorney's fees. Although plaintiff has not made a sufficient showing that defendant denied plaintiff's claim in bad faith or that other plans would be deterred by such an award, the position taken by plaintiff was meritorious in that she obtained the relief she sought under the terms of the plan, defendant does not

dispute its ability to pay the requested award of fees and costs, and the instant action established a ruling generally applicable to all plan participants, specifically, that the plan does not include an unambiguous delegation of discretionary authority to the claims administrator. See McElwaine v. U.S. West, Inc., 176 F. 3d 1167, 1172 (9th Cir. 1999) (setting forth factors to be considered with respect to determination of whether award of fees and costs is appropriate in ERISA action). Further, the Court finds no "special circumstances" exist that "would render [an] award [of fees and costs] unjust." See id. (holding successful ERISA plaintiff ordinarily entitled to award of attorney's fees and costs in absence of "special circumstances").

    2. For the reasons stated by plaintiff, and contrary to defendants' argument, the Court finds the requested hourly rate of $475 to be appropriate, given counsel's experience and the prevailing rates in the community for attorneys engaged in similar practice. (See Roboostoff Decl. ¶¶ 2-7, 11, Exs. 2-4; Kalkin Decl. ¶¶ 2-8, 12, Ex. 1 ¶ 9; Coleman Decl. ¶¶ 2-9.)

    3. For the reasons stated by plaintiff, and contrary to defendants' argument, the Court finds the hours claimed, specifically, 163.45 hours, to be reasonable under the circumstances presented, which circumstances include, but are not limited to, the need of plaintiff's counsel to analyze a voluminous administrative record, to respond to defendant's motion pertaining to the standard of review, to conduct both legal and medical research with respect to fibromyalgia, and to prepare for the court-ordered mediation.[1] Accordingly, plaintiff will be awarded fees in the amount of $77,638.75 ($475 x 163.45).

    4. The Court finds plaintiff is entitled to costs in the amount of $1367.31, the amount both parties agree is recoverable. (See Defs.' Opp. at 9:16-18.)[2]

---

[1] The reasonableness of the amount sought is further supported by plaintiff's decision not to seek compensation for certain additional work for which such compensation reasonably could have sought, for example, the time expended in complying with the Court's order that the parties meet and confer as to the form of the judgment.

[2] Although plaintiff initially sought an award of costs in the amount of $1939.28, plaintiff, in her reply, has agreed to limit her request to the amount defendants concede is recoverable. (See Pl.'s Reply at 8:14.)

5. For the reasons stated by plaintiff,[3] the Court finds an award of pre-judgment interest is appropriate, and that plaintiff is entitled to pre-judgment interest in the amount of $21,350.01. (See Ondersma Decl., filed March 14, 2008, ¶¶ 2-4.)

**CONCLUSION**

For the reasons stated above, plaintiff's motion for an award of attorney's fees, costs, and pre-judgment interest is hereby GRANTED, as follows:

1. Plaintiff is awarded attorneys' fees in the amount of $77,638.75.

2. Plaintiff is awarded costs in the amount of $1367.31.

3. Plaintiff is awarded pre-judgment interest in the amount of $21,350.01.

**IT IS SO ORDERED.**

Dated: March 24, 2008

MAXINE M. CHESNEY
United States District Judge

---

[3] Defendants have not pointed to, nor does the record reflect, any equitable or other consideration suggesting plaintiff should not be awarded pre-judgment interest. Cf. Shaw v. International Ass'n of Machinists and Aerospace Workers Pension Plan, 750 F. 2d 1458, 1465 (9th Cir. 1985) (affirming decision declining to award pre-judgment interest to prevailing ERISA plaintiff where defendant established "additional financial strain that an award of pre-judgment interest would place on the [defendant] could injure other beneficiaries of its pension plan").

3